**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                 Cr. No. 07-2097 MJ

RUFINO GILL-PORTILLO and
ERASMO MENDEZ-URQUIDEZ,

      Defendants.

**MEMORANDUM AND OPINION**

**THIS MATTER** comes before the Court following the preliminary hearing at which I ordered the Government to produce to Defendant's counsel a copy of the report reviewed by Agent Mendoza in preparation for his testimony. This opinion is in response to AUSU Castellano's request to appeal this ruling.

Rule 26.2 of the Federal Rules of Criminal Procedure incorporates the rules from the Jencks Act, 18 U.S.C. § 3500, and extends their applicability to preliminary hearings. It provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and the use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim P. 26.2(a).  Rule 26.2 then defines the term "statement," and includes within this category "a written statement that the witness makes and signs, or otherwise adopts or approves."[1]  FED. R. CRIM. P. 26(2)(f)(1).

---

[1] With the exception of a comma, the Jencks Act includes an identical definition. 18 U.S.C. § 3500 ("The term 'statement' means a written statement made by said witness and

With that framework in mind, the question becomes whether an investigative report can be considered a "statement" of a witness testifying at a preliminary hearing who (1) bases his testimony on the contents of the report, but (2) did not author it and (3) has no first hand information about the events that it describes. Plaintiff argues that it cannot because a writing is not a "statement" of a witness under Rule 26(2)(f)(1) unless it was (a) made by the witness, and (b) signed, adopted, or otherwise approved by him. Meanwhile, Defendant maintains that it can, and assumes that the writing need only have been adopted by the testifying witness. An appellate court has yet to squarely address this issue, and district courts have come down on both sides of it.[2] After reviewing these cases, the arguments, and the statutory framework, I find that an investigative report adopted but not written by a witness can be considered a "statement" of that witness, and thus subject to production under Rule 26(2). Fed. R. Crim P. 26(2)(a).

First, the text of Rule 26(2)(f)(1) plainly suggests that a written statement must be (a) made and signed by the witness, **or** (b) otherwise adopted or approved to be considered the a "statement" of the witness. Fed. R. Crim P. 26.2(f)(1). Greater ambiguity existed in the Jencks Act, which could plausibly be read to require that a statement be (a) made by the witness, **and** (b) signed or otherwise adopted or approved. 18 U.S.C. § 3500. With the addition of a comma, however, Rule 26(2)(f)(1) clarifies that one or the other is required – not both. Fed. R. Crim P. 26.2(f)(1).

Second, a contrary holding would eviscerate the right to cross-examination. Although I

---

signed or otherwise adopted or approved by him . . . ").

[2]An opinion by a magistrate judge in this district has held that the investigative report must be produced. *See United States v. Veronica Franco Valdez*, D.N.M. CR 04-2217 and 04-6215 M. Opinions by two magistrate judges in the District of Arizona have come down on both sides of the issue. *Compare United States v. Begaye*, 236 F.R.D. 448 (D. Ariz. 2006), *with United States v. Wicktor*, 403 F. Supp. 2d 964 (D. Ariz. 2005).

recognize that hearsay is permitted during preliminary hearings, the purpose of cross-examination remains: to test the reliability of evidence presented by the opposing party. *Lilly v. Virginia*, 527 U.S. 116, 123 (1999). And when the Government calls a witness whose testimony is based solely on the contents of another's investigative report, a defendant would be unable to meaningfully probe the accuracy of that witness' statements without access to the report. *Id*.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE